In the Matter of the Claim of IDA KRANT, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. For some years claimant worked in New York for an employer in the business of merchandising children's apparel in stores. On February 7, 1948, she was offered a promotion to a job as assistant manager in the employer's store in Patterson, New Jersey. She accepted this and her salary was raised from $55 to $70 a week. She worked in Patterson from February to October 11, 1948, when she quit this job and was given other employment by her employer in New York. The question here is whether claimant's work in New Jersey constituted "employment" under New York law for the purpose of computing claimant's rate for unemployment insurance benefits. The appeal board held that the work in New Jersey was "employment"; the commissioner contends on the appeal that it was not, and the answer is to be sought in the statute. Section 511 of the Unemployment Insurance Law (Labor Law, art. 18) states the New York policy. Subdivision 2 states that the term "employed" includes all the services performed within and without New York if the service is localized in New York. By "localized" in New York, it is meant that the service is either performed "entirely" here, or if performed also elsewhere "that performed without the state is incidental to the person's service within the state." Service not localized in any State and in part performed in New York is, in general, deemed localized here under enumerated conditions (subd. 3). There is some evidence that control of claimant's employment emanated from New York, but it is clear that the "service" was performed entirely in New Jersey and was not a mere incident to service performed here. The statutory test is where the service is performed, and it is clear that the service was not localized in New York but in New Jersey, where contributions were paid by the employer during the period involved, on claimant's salary under the Unemployment Insurance Compensation Law of New Jersey. Decision

of the Unemployment Insurance Appeal Board reversed, on the law, without costs, and the determination of the Industrial Commissioner reinstated. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.